### UNITED STATES v. STANDARD BREWERY.*

(District Court, D. Maryland. July 1, 1919.)

INTOXICATING LIQUORS ☞216—INDICTMENT FOR ILLEGAL MANUFACTURE INSUFFICIENT IN NOT ALLEGING LIQUOR INTOXICATING.

Demurrer sustained to an indictment charging defendant with violation of Act Nov. 21, 1918, § 1, by the manufacture of a malt liquor having an alcoholic content of one-half of 1 per cent., or more, but not alleged to be intoxicating.

Criminal prosecution by the United States against the Standard Brewery. On demurrer to indictment. Demurrer sustained.

Samuel H. Dennis, U. S. Atty., of Baltimore, Md.

Randolph Barton, Jr., William L. Rawls, and William L. Marbury, all of Baltimore, Md., for defendant.

ROSE, District Judge. According to the dictionary, beer is an alcoholic beverage resulting from the fermentation of cereals or

other starchy substances. To be beer, it must contain alcohol. If it contains so little that nobody wants it because of the alcohol in it, it is not beer from any practical standpoint. The Internal Revenue Department, years ago, had to deal with this question. The statute taxed all fermented liquors. When was a liquor fermented? The department answered that fermentation had not taken place enough, to make it within the taxing meaning of the words "a fermented beverage," unless it resulted in an alcoholic content of at least one-half of 1 per cent. If Congress had forbidden any one to sell beer or other fermented liquor, beer containing one-half of 1 per cent. or more of alcohol would have been covered by the statute. Act Nov. 21, 1918, c. 212. Congress has not used those words. It has used others, which may mean that it intended to forbid the making and sale of nothing which is not intoxicating.

I must confess that my mind has a tendency towards what might be called a historical, rather than the more or less artificial legal, construction of such an enactment. I have no doubt that everybody who in Congress voted for or against the statute, and practically everybody affected by it, supposed at the time it was enacted that it covered all beer containing any appreciable amount of alcohol. That view is not shaken by the critical analysis to which the statute has been subjected. The contemporaneous interpretation of what they were doing at the time by all who had any part in the doing is to my mind more persuasive than the most careful analysis made after the event. So holding, had this question come up four or five weeks ago, I would have overruled the demurrer. I do not do so now because it is evident that in many minds there is much doubt as to what the statute does mean. It is a penal law, and it may not be so interpreted as to make punishable anything which it does not clearly forbid. I cannot now say that it clearly forbids the making or sale of beer which is not intoxicating, because five of the judges of the Second Circuit have each expressed the opinion that it has no relation to anything which is not intoxicating. I have profound respect for their opinions, not only because they are judges, but because they are unusually able men. It is impossible for me to say that the construction they put upon the statute is not one which a reasonable man might put on it, even although it may not be the one that I should personally have put on it, had I known nothing of their views.

It is, moreover, very important that this act shall be uniformly construed, and that it shall mean the same thing in Maryland as in New York. Moreover, the error committed in sustaining the demurrer can be much more speedily and conveniently corrected than the opposite mistake. I shall therefore sustain the demurrer. What is the practical effect of so doing? It is merely this: Until the Supreme Court decides differently, prosecutions are not likely to be instituted in this district against any man for selling any fermented or vinous liquor which is not intoxicating. If he sells any that is intoxicating, he breaks the statute, and can and I suppose will be immediately prosecuted. It may be well for all to bear in mind that I have not decided, nor, so far as I know, has any one as yet decided,

that 2¾ per cent. beer is not intoxicating. All that has been determined on that question is that the affidavits presented by the brewers in New York that it is not were strong enough to induce the United States court to restrain the collector of internal revenue from refusing to sell stamps, etc., to the brewers of that beverage. If any one makes or if any one sells it, and the jury shall determine that what he made or sold is intoxicating, he will be liable to the penalty, and is as liable, I take it, in New York, as anywhere else.

Moreover, if the Supreme Court shall ultimately decide that the government's contention is right, any one who now sells any beer containing one-half of 1 per cent. or more of alcohol will be then subject to indictment for everything he has done in that respect since July 1st. I do not know that any one is forced to sell such beer, or to make it, and if he takes the chance, and sells it to make money by so doing, and the Supreme Court concludes that he has broken the statute, he has no claim to special leniency of treatment.